IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISON

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

    Plaintiff,

v.                                                                           Case No.: _____

THE ADMIRAL'S WALK, INC.,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK (hereinafter "GREAT AMERICAN"), by and through its undersigned counsel, files this action against Defendant, THE ADMIRAL'S WALK, INC., (hereinafter "ADMIRAL'S WALK"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship of the parties, and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest and court costs.

3. At the present time, and at all times material to this action, Plaintiff, GREAT AMERICAN, is and was a corporation, organized and existing under the laws of the State of New York, with its principal place of business in Cincinnati,

1

Ohio, and was an insurance company authorized to do business, and which in fact conducted business operations in the State of Florida.

4. At all times material to this action, Defendant, ADMIRAL'S WALK, was a Florida corporation with its principal place of business in Boca Raton, Florida.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## STATEMENT OF FACTS

6. At all times material to this action, GREAT AMERICAN insured ADMIRAL'S WALK under an insurance policy bearing policy number CPP 3363414-01 for the policy period of January 1, 2009 to January 1, 2010. A copy of that insurance policy is included as Exhibit "A" to this Complaint.

7. ADMIRAL'S WALK is a condominium association which owns a multi-story building located at 4545 North Ocean Boulevard in Boca Raton, Florida.

8. On or about February 23, 2010, ADMIRAL'S WALK reported to GREAT AMERICAN that it suffered a water loss. Specifically, pursuant to the February 23, 2010 ACORD Property Loss Notice submitted by ADMIRAL'S WALK, a copy of which is included as Exhibit "B" to this Complaint, a rainstorm that occurred on or about December 18, 2009 caused water intrusion into the ADMIRAL'S WALK building.

9. At the time of the December 18, 2009 rainstorm which caused water intrusion, the ADMIRAL'S WALK building was undergoing roof repair.

10. Due to the roofing repair project, roofing drains were not effective during the December 18, 2009 rainstorm which caused water to pool on the roof deck.

11. On December 18, 2009 water entered the ADMIRAL'S WALK building through various openings in the temporary roof covering.

12. On December 18, 2009 water also entered the ADMIRAL'S WALK building beneath the doorway to the roof deck.

13. On December 18, 2009 water also entered the ADMIRAL'S WALK building through a "smoke hatch" opening in the roof deck that was improperly, temporarily covered at the time of the water intrusion.

14. The openings in the temporary roof covering were due to the faulty, inadequate or defective workmanship, repair, and construction being performed on the rooftop at the time of the December 18, 2009 rain event.

15. The openings in the temporary roof deck also were caused by faulty, inadequate or defective materials used in repair, construction renovation or remodeling of the roof deck.

16. The rain event of December 18, 2009 did not cause any opening in the roof or walls of the Admiral's Walk building.

17. GREAT AMERICAN received its first notice of this loss on or about February 23, 2010, despite the fact that the water intrusion damage occurred on or about December 18, 2009.

18. The GREAT AMERICAN insurance policy, bearing policy number CPP 3363414-01, issued to ADMIRAL'S WALK includes Form SB 8601 entitled "Select Business Policy Conditions." That Form contains the following relevant language:

LOSS CONDITIONS

. . .

C. Duties in the Event of Loss or Damage

   1. You must see that the following are done in the event of loss or damage to Covered Property:

      . . .

      b. Give us prompt notice of the loss or damage.

19. GREAT AMERICAN was not given prompt notice of the loss which occurred at the ADMIRAL'S WALK building as required by the above-quoted policy language and as required by law.

20. GREAT AMERICAN's investigation of the loss was prejudiced due to the late notice in that by February 23, 2010, the conditions of the roof had substantially changed.

21. On or about September 22, 2010, GREAT AMERICAN received ADMIRAL'S WALK'S Amended Sworn Statement in Proof of Loss, a copy of which is included as Exhibit "C" to this Complaint. That Proof of Loss indicates

that ADMIRAL'S WALK is seeking payment from GREAT AMERICAN of $384,016.86.

## REQUEST FOR DECLARATORY JUDGMENT

## THE POLICY OF INSURANCE ISSUED BY GREAT AMERICAN TO THE ADMIRAL'S WALK LIMITS ANY POTENTIAL COVERAGE FOR THIS LOSS TO $10,000.00.

22. GREAT AMERICAN readopts and realleges by this reference the allegations of paragraphs 1 through 21 above.

23. The insurance policy bearing policy number CPP 3363414-01 issued by GREAT AMERICAN to ADMIRAL'S WALK contains Form SB 8602 entitled "Select Business Policy Building And Personal Property Coverage Form". That Form includes the following relevant language:

> C.  Exclusions
>
> . . .
>
> > 3.  We will not pay for loss or damage caused by or resulting from any of the following 3.a through 3.c. But if an excluded Cause of Loss that is listed in 3.a through 3.c results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
> >
> > . . .
> >
> > > c.  Faulty, inadequate or defective:
> > >
> > > > (1) planning, zoning, development, surveying, siting;
> > > >
> > > > (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction

    (3) materials used in repair, construction renovation or remodeling; or

    (4) maintenance;

   of part or all of any property on or off the described premises.

   . . .

D. Limitations

   . . .

  4. We will not pay more than $10,000 for loss or damage to the interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

    a. the building of structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

    b. the loss or damage is caused by or results from thawing of snow, sleet or ice on the building structure.

24. The insurance policy issued to ADMIRAL'S WALK places a $10,000.00 limit on damage resulting from rain, unless the building sustains damage due to a Covered Cause of Loss.

25. Faulty, inadequate or defective workmanship, repair, and construction being performed on the rooftop is not a covered cause of loss.

26. Faulty, inadequate or defective materials used in repair, construction renovation or remodeling of the roof deck is not a covered cause of loss.

6

27.   A roof deck under repair is not a "roof" in accordance with the terms and conditions of the insurance policy issued to ADMIRAL'S WALK.

28.   There could be no damage to the roof of the ADMIRAL'S WALK, because at the time of the loss, the ADMIRAL'S WALK did not have a roof, but rather had a temporary covering.

29.   There exists between and among GREAT AMERICAN and ADMIRAL'S WALK an actual controversy with regard to their respective rights and duties under the above-mentioned policy of insurance, with said rights being in doubt among the parties. More specifically, ADMIRAL'S WALK disagrees with GREAT AMERICAN's position regarding the amount of insurance coverage available under the GREAT AMERICAN policy.

WHEREFORE, GREAT AMERICAN requests that this Court issue a declaratory judgment, declaring that the insurance policy bearing policy number CPP 3363414-01, issued by GREAT AMERICAN to ADMIRAL'S WALK, provides no coverage to ADMIRAL'S WALK due to the late notice of this loss to GREAT AMERICAN. Alternatively, if there is any coverage for this loss, GREAT AMERICAN requests this Court to declare that the policy limits coverage for this loss to $10,000.00. GREAT AMERICAN requests this declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

      s/ Ralph B. Leemis
      RALPH B. LEEMIS, ESQUIRE
      rleemis@ntlaw.com
      Fla. Bar No.: 286011
      **NEILSON AND ASSOCIATES, P.A.**
      1332 West Colonial Drive (32804)
      P.O. Box 547638
      Orlando, FL 32854-7638
      (407) 843-6514
      (407) 843-0427 Facsimile
      Attorneys for Plaintiff