UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81217-MARRA/JOHNSON

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

      Plaintiff,

vs.

THE ADMIRAL'S WALK, INC.,

      Defendant.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Stay.  (DE 8).  The

motion is fully briefed and ripe for review.  The Court has carefully considered the briefing and

is otherwise fully advised in the premises.

## Background

This action for declaratory judgment arises from damages to Defendant's residential

property and the insurance policy covering that property.  Defendant, the Admiral's Walk, Inc., is

a condominium association that owns a multi-story building located at 4545 North Ocean

Boulevard in Boca Raton, Florida.  Plaintiff, Great American Insurance Company of New York

("Great American Insurance"), provided commercial residential property insurance coverage for

Admiral's Walk's building for the twelve-month period beginning January 1, 2009.  Admiral's

Walk obtained the insurance policy through its insurance agent, the Plastridge Agency, Inc.

At some point in 2009, Admiral's Walk hired Hi-Rise Commercial Roofing ("Hi-Rise

Roofing") to perform repairs to its building's roof.  During the repairs a temporary waterproof

membrane covered the roof's exposed portions.  On December 18, 2009, Admiral's Walk's property manager discovered significant amounts of rainwater pooling on the roof deck and leaking into the building's interior.  The roofing drains and temporary cover were ineffective, and the rainwater had leaked through both.

Shortly thereafter, Admiral's Walk notified its insurance agent, the Plastridge Agency, of the property damage.  Admiral's Walk alleges that it instructed the Plastridge Agency to notify Great American Insurance of the damages claim, but that the Plastridge Agency failed to do so. Great American Insurance did not receive notice of the water damage until over two months later, on February 23, 2010.

On July 26, 2010, Admiral's Walk filed suit against Hi-Rise Roofing in the 15th Judicial Circuit for Palm Beach County.  *The Admiral's Walk, Inc. v. Hi-Rise Commercial Roofing, Inc.*, Case No. 50-2010-CA-019074-XXXX-MB.  Admiral's Walk asserted claims for breach of contract, negligence, negligent supervision, and common-law indemnification.

On October 15, 2010, Great American Insurance filed this declaratory action, seeking a declaration from this Court that: "[T]he insurance policy . . . issued by GREAT AMERICAN to ADMIRAL'S WALK, provides no coverage to ADMIRAL'S WALK due to the late notice of this loss to GREAT AMERICAN.  Alternatively, if there is any coverage for this loss, GREAT AMERICAN requests this Court to declare that the policy limits coverage for this loss to $10,000.00."  (DE 1).

On October 29, 2010, Admiral's Walk amended its complaint in the state-court proceedings.  Admiral's Walk added as parties Great American Insurance and the Plastridge Agency, Inc.  Admiral's Walk asserted a negligence claim against the Plastridge Agency and

sought declaratory relief against Great American Insurance.  With respect to the latter claim, Admiral's Walk sought a declaration:

> (a) that the Insurance Contract is valid and enforceable; (b) that pursuant to the terms and condition of the Insurance Contract, ADMIRAL'S WALK has a valid and enforceable right to coverage for the damages sustained by the water intrusion; (c) that the policy language concerning limitations for damage by or resulting from rain and other exclusions . . . are vague and ambiguous; (d) that the damages were caused by a "Covered Cause of Loss"; (e) that in view of this and also because the policy exclusions and/or limitations are vague and ambiguous, they are not enforceable . . .; and (f) that GREAT AMERICAN is required to provide coverage to ADMIRAL'S WALK for the total amount of the loss and any damages caused by water intrusion.

(DE 8, Ex. 1 at 7).

On November 10, 2010, Admiral's Walk filed the instant Motion for Stay.  (DE 8). Admiral's Walk argues that under the doctrine set forth by the Supreme Court in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), this Court should stay this federal declaratory action pending resolution of the parallel state-court declaratory action.

**Discussion**

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).  "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  The Supreme Court has thus cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.  When confronted with such parallel proceedings, the district court "should ascertain whether the questions in controversy between the parties to the

federal suit . . . can better be settled in the proceeding pending in the state court." *Id.*  If so, the district court should exercise its discretion to dismiss the declaratory action in favor of the parallel state-court action.  *Ameritas*, 411 F.3d at 1332.  District courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286.

This Court finds that the state-court proceeding involves the same issues between the same parties as this declaratory action.  Admiral's Walk's state-court declaratory action requests that the Florida Circuit Court declare that (1) the residential insurance policy provided by Great American Insurance to Admiral's Walk covers the water damage to Admiral's Walk's building sustained on December 18, 2009, and (2) the insurance policy's $10,000 limitation clause is inapplicable because the water damage was caused by a "Covered Cause of Loss."  Great American Insurance's declaratory action before this Court seeks a declaration on these exact coverage issues.  Any arguments that Great American Insurance could make before this Court are certainly available as defenses in the state declaratory action.

In arguing against a stay, Great American Insurance contends that the state-court action—which also addresses Admiral's Walk's *liability* disputes with Hi-Rise Roofing and the Plastridge Agency—involves numerous issues unrelated to Great American Insurance's *coverage* dispute.  Specifically, Great American Insurance argues that whether Hi-Rise is liable for Admiral Walk's claims is not relevant to (1) whether Great American Insurance received late notice of the claim and therefore whether coverage is excluded under the insurance policy's "prompt notice" requirement, nor (2) whether the water damage is a "covered cause of loss" and therefore the coverage is limited to $10,000.00.  Great American Insurance contends that it

4

would be inequitable, without serving judicial economy, to force it to litigate its coverage dispute alongside the state-court liability proceeding.

With respect to Great American Insurance's first point, the Court finds that though Hi-Rise Roofing's liability may not be relevant to whether Great American Insurance received prompt notice, the liability of the other party in the state proceedings, the Plastridge Agency, is highly relevant. Admiral's Walk's amended complaint alleges that it promptly notified the Plastridge Agency, its insurance agent, and claims that if Great American Insurance did not receive prompt notice then the Plastridge Agency is liable for that neglect. Thus, whether Great American Insurance received late notice is relevant to the Plastridge Agency's liability for negligence and that issue will be litigated in the state proceedings.

With respect to Great American Insurance's second point, the Court finds that Hi-Rise Roofing's liability for faulty repairs bears directly on whether the water damage constitutes a "covered cause of loss." In alleging that the water damage is not a covered cause of loss, and therefore subject to the insurance policy's $10,000.00 limitation, Great American Insurance's Complaint for Declaratory Judgment claims that the damage was not caused by the rainstorm but by the "faulty, inadequate or defective workmanship, repair, and construction being performed on the rooftop," which under the policy's terms "is not a covered cause of loss." (DE 1, ¶ 25). Thus, Hi-Rise Roofing's repair work, which is central to the state proceeding's liability issues, will also be relevant to whether Great American Insurance's coverage is limited under the insurance policy's "faulty, inadequate or defective" workmanship provision.

The pending state-court action involves the same parties and issues as this federal action. Accordingly, the Court finds that the claims and defenses of all parties to this federal action can

be fully adjudicated in the state proceeding.  Thus, to avoid duplicative proceedings, the Court

will exercise its discretion to stay this declaratory action pending the outcome of the state

declaratory action.

**Conclusion**

   For the foregoing reasons, Defendant's Motion for Stay (DE 8) is GRANTED.  This

action is stayed pending resolution of the state-court declaratory action.  The Clerk shall

ADMINISTRATIVELY CLOSE this case.  Any party may move to reopen this case if the state-

court proceedings do not resolve the declaratory issues presented in this matter.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County

Florida, this 7th day of March, 2010.


_____
KENNETH A. MARRA
United States District Judge


Copies to:
Counsel of record